UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES of AMERICA      )   CASE NO:  1:25-mj-00955
    Plaintiff,            )   Brownsville, Texas
v.                            )
ZHI DONG ZHANG                )   Friday,
    Defendant.            )   October 24, 2025
-----------------------------)   11:20 AM to 11:32 AM

INITIAL HEARING

BEFORE THE HONORABLE IGNACIO TORTEYA, III
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Defendant:        HUMBERTO YZAGUIRRE
                          Federal Public Defender -
                          Brownsville
                          600 E Harrison Street, Suite 102
                          Brownsville, TX 78520


Court Reporter:           HIRAM MEDELLIN-SOLIS

Courtroom Deputy:         SALLY GARCIA

Transcribed by:           Veritext Legal Solutions
                          330 Old Country Road, Suite 300
                          Mineola, NY 11501
                          Tel: 800-727-6396


Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

BROWNSVILLE, TEXAS; FRIDAY, OCTOBER 24, 2025; 11:20 AM

(Call to Order)

THE COURT OFFICER:  All right.

THE COURT:  Good morning.  Be seated please.

The Court calls cause number B:25-MJ-00955, The United States of America v. Zhi Dong Zhang.

THE COURT CLERK:  Please raise your right hand.

You do solemnly swear that the testimony you are about to give in the case now before the Court will be the truth, the whole truth, and nothing but the truth?

MR. ZHANG:  Yes.

THE COURT:  All right, sir.  I see that you are using the service of the Court interpreter, sir.  Can you read and write Spanish?

MR. ZHANG:  (Spanish language)

THE COURT:  Okay.  Do you know Spanish enough to proceed with this hearing today?

MR. ZHANG:  Yes, I can.

THE COURT:  The Court also calls the cause number B:25-MJ-00956, also The United States of America v. Zhi Dong Zhang.

All right, sir.  Have you ever been in a mental institution, or treated for a mental illness?

MR. ZHANG:  No.

THE COURT:  Are you currently taking any

medication?

MR. ZHANG:  No.

THE COURT:  Are you now under the influence of drugs or alcohol?

MR. ZHANG:  No.

THE COURT:  All right.  So you've been arrested pursuant to two arrest warrants, the first of which is one in cause number B:25-MJ-00955, out of the Eastern District of New York.  That warrant is based upon the fact that a Grand Jury has returned a superseding indictment against the individual fought in that Court in the Eastern District of New York.  That count, that, I'm sorry, that indictment is comprised of 10 counts.  And the first count in that indictment --

MR. YZAGUIRRE:  Your Honor, actually, with the Court's permission, we've received a copy of the indictment from New York, and the one from Atlanta as well.  With the Court's permission, I've already gone over it with this individual, and we would actually just waive the reading of those indictments.

THE COURT:  All right, sir.  You do have the right to remain silent.  Anything you say can be used against you. You also have the right to be represented by an attorney, and if you can not afford counsel, one will be appointed by the Court to represent you.  This morning, sir, you are here

with, appearing with Mr. Humberto Yzaguirre, who I have appointed from the Federal Public Defender's Office for purposes of today's hearing.  Have you been able to discuss with him, and consult regarding this matter?

MR. ZHANG:  Yes.

THE COURT:  And does he represent you for purposes of today's hearing, sir?

MR. ZHANG:  Yes.

THE COURT:  Now, sir, you have the right to what is called an identity hearing, and you have the right to waive that hearing as well.  At that hearing, the Government would have to prove that you are, in fact, the same person that is listed in this arrest warrant that I just mentioned.  Now, your attorney, Mr. Yzaguirre, has submitted for the Court's consideration what appears to be a waiver of your right to that identity hearing.  I'm going to show you that document.  Is that your signature?

MR. ZHANG:  Yes.

THE COURT:  And is it your wish, sir, to waive your right to an identity hearing?

MR. ZHANG:  Yes.

THE COURT:  Mr. Yzaguirre, any reason why the Court should not accept the individual's waiver?

MR. YZAGUIRRE:  No, Your Honor.

THE COURT:  All right, sir.  Having waived your

right to the identity hearing in connection with this case, sir, what is your full legal name?

MR. ZHANG:  Zhi Dong Zhang.

THE COURT:  And what is your date of birth, sir?

MR. ZHANG:  August 12th, 1987.

THE COURT:  Now sir, regarding the production of this warrant, and any preliminary or detention hearing (indiscernible) blocking the case to which you may be entitled in this District, this document that you have signed also requests that those hearings be held in the prosecuting district, and that is in the Eastern District of New York, as part of this document that you signed as well. Do you understand that?

MR. ZHANG:  Yes.

THE COURT:  Now sir, in connection with the second case -- Well, having waived the right to read that indictment, sir, I will tell you that regarding count number one, that is the international cocaine distribution and conspiracy, if convicted, sir there is a minimum sentence that would apply of 10 years, and a maximum term of life imprisonment.

As to count number two, the international distribution of cocaine, the same maximum penalty applies of life imprisonment, with a mandatory minimum sentence of 10 years if convicted.

In count number three, for the cocaine importation conspiracy, there is also a mandatory minimum sentence that applies of 10 years, and a maximum penalty of life imprisonment if convicted.

In count number four, the conspiracy to distribute, and possess with intent to distribute cocaine and methamphetamine, likewise, there is a mandatory minimum sentence that applies of 10 years, and a maximum term of imprisonment if convicted.

As to count number five, the money laundering conspiracy, if convicted, there is a maximum penalty of up to 20 years imprisonment.

As to count number six, the money laundering conspiracy, also a mandatory maximum -- strike that, a maximum penalty of up to 20 years imprisonment upon conviction.

As to counts seven and eight, the money laundering offenses, there is also a maximum penalty of up to 20 years imprisonment.

And for counts nine and ten as well, the money laundering offenses, there is a maximum penalty of up to 10 years imprisonment.

Do you understand the maximum penalties in connection with counts one through ten of this indictment, sir?

MR. ZHANG:  Yes.

THE COURT:  Sir, the second case involves a warrant for the arrest of an individual by the name of Zhi Dong Zhang out of the Northern District of Georgia.  That warrant was also issued based upon the fact that a Grand Jury has returned the first superseding criminal indictment in that case in the Northern District of Georgia, the Atlanta Division, for an individual by the name of Zhi Dong Zhang.  In that indictment, there is a 13-count indictment issued by a Grand Jury.

On that one as well, Mr. Yzaguirre, were you able to review this indictment with this individual?

MR. YZAGUIRRE: Yes, Your Honor.  We received a copy of it this morning, and I have reviewed it, and we do also waive reading of that indictment.

THE COURT:  In this case as well, sir, your attorney, Mr. Yzaguirre, has submitted what appears to be a waiver of your right to that identity hearing that I mentioned earlier, to which you are also entitled to in connection with this case as well.  I'm going to show you that document, sir.  Is that also your signature on this document?

MR. ZHANG:  Yes.

THE COURT:  And is it your wish to waive your right to an identity hearing in connection with this matter

out of the Northern District of Georgia as well?

MR. ZHANG:  Yes.

THE COURT:  Mr. Yzaguirre, is there any reason why the Court should not accept the individual's waiver?

MR. YZAGUIRRE:  No, Your Honor.

THE COURT:  Now as to this indictment, sir, the 13-count indictment, as the count number one, dealing with the conspiracy to distribute controlled substances, there is a mandatory minimum penalty that would apply of 10 years, and a maximum of life imprisonment if convicted.

As to count number two, the possession with intent to distribute a controlled substance of at least 500 grams of cocaine, there is a mandatory minimum sentence that would apply of five years, and a maximum term of imprisonment of four years upon conviction.

As to count number three, the possession with intend to distribute a controlled substance involving at least five kilograms or more of a substance containing cocaine, there is a mandatory minimum sentence that would apply of 10 years, and a maximum term of imprisonment of up to life imprisonment upon conviction.

As to count number four, the conspiracy to knowingly and intentionally import a controlled substance into the United States from a place outside the United States of at least five kilograms or more of cocaine, as to

count number four, there is also a mandatory minimum sentence of five to ten years, and a maximum term of imprisonment of life imprisonment if convicted.

As to count number five, the conspiracy to commit money laundering, if convicted, there is a maximum term of imprisonment of 20 years.

As to counts six, seven, eight, and nine, ten, eleven, twelve, and thirteen, involving money laundering offenses, there is a maximum term of imprisonment up to 10 years.

Do you understand that, sir?

MR. ZHANG:  Yes.

THE COURT:  Now, as to this case, sir, also out of the Northern District of Georgia, the waiver you have signed and submitted for the Court's consideration also requests any production of the judgment, warrant, and any preliminary detention hearing (indiscernible) to be held in that District.

Do you understand that as well, sir?

MR. ZHANG:  Yes.

THE COURT:  (indiscernible) the Court accepts the waivers.  The Court will remand you, sir, into the custody of the U.S. Marshal.  In your current status, based on the findings of (indiscernible) of this Court, pending transfer to the Eastern District of New York, and subsequently

thereafter, I would imagine, to the Northern District in Georgia, but that's (indiscernible) for a later date.  At this time, I will remand you to the custody of the U.S. Marshall (indiscernible) transferred to the Eastern District of New York for further proceedings.

COUNSEL:  Your Honor, just for my purposes, can I put something in the record?

THE COURT:  Yes, absolutely.

COUNSEL:  Just for my purposes, Your Honor (indiscernible) agreement (indiscernible) Northern District of Georgia (indiscernible) District of New York that he should be prosecuted in the Northern District of Georgia at the U.S. Government's request, Your Honor.

THE COURT:  (indiscernible) that will be, I guess -- I guess the Government can do all the transfers necessary down the road.

COUNSEL:  Yes, sir.

THE COURT:  Thank you.

COUNSEL:  Thank you.

THE COURT:  Good luck, sir.

MR. ZHANG:  Thank you.

THE COURT:  We will be in recess until 3 p.m.

(Proceedings adjourned at 11:32 AM)

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

Lindsay Peacock

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date: November 3, 2025